09-3943-cv (L)
Scott v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: October 26, 2010                    Decided: December 1, 2010)

Docket No. 09-3943-cv (L), 09-5232-cv (XAP)

_____

Keenan Scott, et al.,

*Plaintiffs-Appellee-Cross-Appellant*,

— v.—

City of New York,

*Defendant-Appellant-Cross-Appellee*.

_____

Before:

MINER, KATZMANN, and HALL, *Circuit Judges*.

_____

The City of New York appeals from an order of the United States District Court for the

Southern District of New York (Scheindlin, *J*.) awarding partial attorney's fees pursuant to

section 216(b) of the Fair Labor Standards Act. The attorney has cross-appealed from denial of

certain of those fees. Because the district court did not explain the basis on which the attorney

was excepted from the requirement that attorneys submit contemporaneous time records with

1

their fee applications, we are unable to divine whether the court abused its discretion in granting such an exception. Accordingly, the order of the district court granting those fees is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

VACATED AND REMANDED.

———————————————

THOMAS P. PUCCIO, The Law Offices of Thomas P. Puccio, New York, NY, *for Plaintiffs-Appellee-Cross-Appellant*.

DEBRORAH A. BRENNER (Kristin M. Helmers, *on the brief*), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellant-Cross-Appellee*.

———————————————

*Per Curiam*:

The City of New York appeals from an order of the United States District Court for the Southern District of New York (Scheindlin, *J.*) awarding Thomas P. Puccio attorney's fees pursuant to section 216(b) of the Fair Labor Standards Act. Puccio cross-appeals. Because the district court did not explain the basis on which Puccio was excepted from the requirement that attorneys submit contemporaneous time records with their fee applications, we are unable to divine whether the court abused its discretion in granting such an exception. Accordingly, the order of the district court granting those attorney fees is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

2

## I.  Background

### A.  Introduction

Plaintiffs, current and former employees of the New York City Police Department, sued the department and the City of New York ("City") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2006).  They sought over $700 million in damages.

The case proceeded to trial, and the plaintiffs were ultimately awarded $900,000 for the City's willful violation of FLSA's overtime compensation requirements.  Afterward, the plaintiffs petitioned the court for attorney's fees pursuant to section 216(b) of the FLSA.

Among plaintiffs' counsel seeking fees was Thomas P. Puccio.  Puccio applied for $2,035,867.50 in fees.  He based this number on an hourly rate of between $750 and $1,000 and a 96-page attachment of time entries totaling 2,090.87 hours of compensable time.

The City opposed Puccio's fee application on the grounds that Puccio's proposed hourly rates were too high and that the entries in his attachment were insufficient to support the number of hours he claimed he had devoted to the case.  The City argued, *inter alia*, that: (1) "a significant number of entries, identical in punctuation, spacing, and even in typographical errors, appeared as many as four times in cyclical patterns"; (2) the entries showed an excessive amount of time devoted to reviewing e-mails; (3) some entries appeared to pertain to issues unrelated to the FLSA litigation; (4) some entries referred to reviewing a summary judgment decision on dates before the decision was issued; and (5) some entries referred to preparation and attendance at trial for dates when there was no trial, including dates after the jury had rendered its verdict. (Appellant-Cross-Appellee's Br. 4-5 (alterations omitted).)

3

Puccio responded to the City's opposition by filing a supplemental declaration in support of his application for fees. In it he admitted he did not make the time entries at the time he did the work memorialized in the entries. He stated that the entries were prepared instead "by my office working with outside paralegal assistance under my general supervision." (J.A. 1498.) He asserted that the paralegals based the entries on "an extensive database of incoming emails maintained in by [sic] my law firm in a computer folder." *Id.*

## B. District Court Order and Judgment

The district court awarded Puccio $515,179.28 in attorney's fees; or, roughly twenty-five percent of the fees that he originally sought. Relevant to this appeal, the court calculated Puccio's fees based on an hourly rate of $550 per hour—a rate higher than that applied to any of Puccio's co-counsel, and reduced his overall fees by twenty percent for "suspicious multiple entries and to sanction Puccio, in part, for not submitting contemporaneous time records."[1] *Scott v. City of New York*, 2009 WL 2610747, at *6 (S.D.N.Y. Aug. 25, 2009). Both parties appealed.[2]

---

[1] The district court also refused to credit some of the hours that Puccio claimed he spent reviewing e-mails (338.78 hours eliminated), at Patrolmen's Benevolent Association meetings (39.53 hours eliminated), preparing for and attending trial for days after the trial had been concluded (29.5 hours eliminated), and on matters unrelated to the FLSA action (10.4 hours eliminated). *Scott*, 2009 WL 2610747, at *6. The court then reduced Puccio's total award by thirty percent on account of his "limited success" in prosecuting the action. *Id.* These determinations are not appealed by either the City or Puccio.

[2] The appeals followed an unsuccessful motion for reconsideration by Puccio in which he argued that court's twenty percent across-the-board fee reduction was "unfair and not warranted by the facts." (J.A. 1506.) The district court's denial of Puccio's motion is not the subject of this appeal, and Puccio does not here contest the court's original twenty percent reduction.

The City appeals the district court's order to the extent that it awards Puccio any fees at all. It asserts that in the Second Circuit failure to keep contemporaneous time records serves as a complete bar to recovery of attorney's fees available under federal law.

Puccio cross-appeals, challenging the hourly rate set by the district court to calculate his fees. He maintains that the court should have relied on his declaration that he is "generally paid at the rate of $750.00 and $1,000.00 per hour." (Appellee-Cross-Appellant's Br. 16.)

## II. Discussion

This court reviews awards of attorney's fees for abuse of discretion. *McDaniel v. Cnty of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010); *see also City of Riverside v. Rivera*, 477 U.S. 561, 586 (1986) (Powell, *J.*, concurring in judgment). A district court has abused its discretion when the award rests on an error of law or a clearly erroneous factual finding, or "cannot be located within the range of permissible decisions." *McDaniel*, 595 F.3d at 416 (internal quotation marks omitted).

The City and Puccio both agree that the controlling case in this Circuit is *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). *Carey* requires that all applications for attorney's fees be supported by contemporaneous records, a rule that the City contends leaves "no room for ambiguity." (Appellant-Cross-Appellee's Br. 16.) According to the City, *Carey* precludes the district court from awarding any fees to Puccio. Not surprisingly, Puccio advocates a more flexible reading of *Carey*.

*Carey* concerned an application for attorney's fees under 42 U.S.C. § 1988. 711 F.2d at 1140. The issue was whether the hours that plaintiffs' counsel claimed they devoted to the case were excessive. Although we ultimately accepted the district court's determination with respect

5

to compensable hours, *id.* at 1148, plaintiffs' lack of contemporary records hindered review. We

stated:

> It is hard to weigh claims of overstaffing and duplication against the plaintiffs'
> estimates of hours expended. Without a detailed record of how plaintiffs'
> attorneys spent their time, we have little choice but to show considerable
> deference to the District Court's conclusion as to how many hours were
> reasonably compensable. In light of the difficulties that can be traced to the
> failure of plaintiffs' attorneys to keep contemporaneous time records, we are
> tempted to accept the State's proposal that plaintiffs be denied all attorney's fees.
> There is no excuse for the sparse documentation that accompanied at least
> portions of plaintiffs' original application for attorney's fees.

*Id.* at 1147. We continued:

> However unfair it would be to rule retroactively that plaintiffs' attorneys should
> have kept better records in the past, the difficulties raised by the lack of
> contemporaneous records in this case convince us of the need to announce for the
> future that contemporaneous time records are a prerequisite for attorney's fees in
> this Circuit. Now that Congress has enacted more than 120 statutes authorizing
> the award of attorney's fees, and litigation over attorney's fees has itself become a
> significant addition to the legal landscape, we think it appropriate to convert our
> previously expressed preference for contemporaneous time records into a
> mandatory requirement, as other Circuits have done. Hereafter, any attorney . . .
> who applies for court-ordered compensation in this Circuit for work done after the
> date of this opinion must document the application with contemporaneous time
> records.

*Id.* at 1147-48 (citations and footnote omitted).

While this pronouncement supports the City's position, Puccio is not without recourse to

the text in *Carey*. He relies on language near the end of the opinion where we concluded:

> To summarize our rulings for the guidance of the bar in future cases, we have
> ruled as follows: All applications for attorney's fees, whether submitted by profit-
> making or non-profit lawyers, for any work done after the date of this opinion
> should *normally* be disallowed unless accompanied by contemporaneous time
> records indicating, for each attorney, the date, the hours expended, and the nature
> of the work done.

*Id.* at 1154 (emphasis added) (numbering omitted).

6

Admittedly there is a tension between these two passages. On the one hand, we are adamant that, after *Carey*, applications for attorney's fees allowed by federal law "must" be accompanied by contemporaneous time records. *Id.* at 1148. We state that the records are "mandatory" and a "prerequisite" for the award of fees. *Id.* at 1147. The language implies a hard and unbending rule. On the other hand, our use of the word "normally" in the conclusion, *id.* at 1154, indicates that we intend to leave the district courts with some limited discretion to make exceptions to the hard-and-fast rule.

Thus read, *Carey* sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications. The permissive language at the end of the opinion recognizes that exceptions to the rule may exist. The strength with which we articulated the general rule, however, signals that any possible exceptions are minimal and limited in scope. In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases.

Indeed, after *Carey* there are few examples of this court permitting a district court to award fees in the absence of full contemporaneous records. Where we have allowed for such a recovery, counsel has always maintained at least *some* contemporaneous records. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986) (affirming award of partial fees where contemporaneous records were maintained but not produced); *Carrero v. N.Y.C. Hous. Auth.*, 685 F. Supp. 904, 908-09 (S.D.N.Y. 1988), *aff'd in relevant part* 890 F.2d 569, 582 (2d Cir. 1989) (same); *Nu-Life Constr. Corp. v. Bd. of Educ. of the City of New York*, 795 F. Supp. 602, 606 (E.D.N.Y. 1992) (allowing fees for hours supported by contemporaneous records, but denying recovery for unsupported hours), *aff'd in relevant part sub nom. Terminate Control*

7

*Corp. v. Horowitz*, 28 F.3d 1335, 1343 (2d Cir. 1994). While we can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application—the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review of the justification on appeal.

Here, the district court did not make findings with respect to the facts justifying an exception. Although it determined that Puccio had no contemporaneous records—an omission that the court pointed out is "fatal" under *Carey*—it nevertheless decided to give him "the benefit of the doubt." *Scott*, 2009 WL 2610747, at *6. The district court did not, however, attempt to explain *why* Puccio deserved the benefit of the doubt. On the contrary, it went on to detail the various flaws in Puccio's fee application and ultimately concluded that the "identical entry" problem with Puccio's submission "calls into doubt the veracity and accuracy of all of Puccio's time records" and "highlights the problem of not preparing contemporaneous time records." *Id.* (emphasis omitted). Fairly read, the district court's opinion sets out the proper standard, but declines—without explaining the factual basis for its decision—to apply it. To the extent it does recount what it is taking into consideration, the district court points to a variety of factors that would appear to support strict application of the *Carey* rule. Nonetheless, because the district court allowed for an exception, we must assume that it had in mind factors that provided the necessary justification.

Suffice it to say, on review we are unable to divine whether the district court abused its discretion in awarding attorney's fees under the narrow exception for which the rule in *Carey*

provides. We remand this case to the district court so that it may explain why in its view

Puccio's circumstances warrant applying an exception to the general rule in *Carey*.

On remand, the district court may, as it sees fit, take evidence with respect to any

problems with Puccio's time entries—allegations regarding which Puccio did not address in his

supplemental declaration—or on any other issue that will help it determine whether to award fees

and why it should do so. Should the district court ultimately decide that an exception is

warranted, it is free to revisit its prior rulings on Puccio's compensable hours and hourly rates,

although we note no problem with them on the record before us.

### III.   Conclusion

Accordingly, we **VACATE** the decision below as to Thomas P. Puccio's fee application,

and **REMAND** the case to the district court pursuant to the procedures set forth in *United States*

*v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), for clarification of its decision and additional

findings of fact as necessary. The mandate shall issue forthwith. The parties are to inform the

Clerk of the Court by letter within twenty-one days of the district court issuing its decision if

either side wishes to continue this appeal. Following such notification, jurisdiction of this appeal

will be automatically restored to this court without need for either party to file a new notice of

appeal. After jurisdiction is restored, this panel will resume consideration of the case.