11-1778-cv (L)
Serin v. Northern Leasing Systems, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand twelve.

Present:
        AMALYA L. KEARSE,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER, JR.,
            *Circuit Judges*.

---

MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM, GORDON REDNER, THOMAS J. SMITH,

        *Plaintiffs-Appellees-Cross-Appellants*,

CHITTUR & ASSOCIATES, P.C.,

        *Cross-Appellant*,

PERI KETTLER,

        *Plaintiff-Appellee*,

        v.                        Nos.  11-1778-cv (Lead)
                                          11-2139-cv (XAP)

NORTHERN LEASING SYSTEMS, INC.,

        *Defendant-Appellant-Cross-Appellee,*

JAY COHEN, RICH HAHN, SARA KRIEGER,

     *Defendants.*

_____

For Plaintiffs-Appellees:           KRISHNAN CHITTUR, STEVEN LIM, & KEITH ALTMAN, Chittur & Associates, P.C., New York, N.Y.

For Defendant-Appellant:         ROBERT DAVID LILLIENSTEIN, Moses & Singer LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Gwin, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant-Cross-Appellee Northern Leasing Systems, Inc. ("Northern") and Plaintiffs-Appellees-Cross-Appellants (collectively, "the plaintiffs") both appeal from an April 22, 2011 judgment of the United States District Court for the Southern District of New York (Gwin, *J.*), which awarded the plaintiffs' attorneys $594,359 in fees and $43,006.46 in expenses. In 2006, the plaintiffs sued Northern and other defendants, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and of N.Y. Gen. Bus. Law § 349. In 2010, the parties settled for $295,000. As part of the settlement, Northern agreed not to challenge the plaintiffs' right to apply for an award of attorneys' fees, but reserved the right to dispute the amount of any such award. The plaintiffs requested attorneys' fees in the amount of $3,457,282. Ultimately, the district court awarded fees and expenses in the amounts noted above.

"We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are

2

factual matters.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992). A dispute over attorneys' fees "should not result in a second major litigation." *Hensley*, 461 U.S. at 437. The goal of fee shifting is to do "rough justice, not to achieve auditing perfection." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Here, the district court did not abuse its discretion.

Northern first argues that the district court should have reduced the plaintiffs' fee award in light of the fact that the plaintiffs recovered only a fraction of the $10 million they sought in their complaint. On review, we think that the district court was justified in its decision not to impose any reduction on this basis. The plaintiffs' attorneys secured a substantial settlement for their clients. Moreover, we have previously noted that even attorneys who achieve modest financial returns for their clients should receive fees for the time they spent "defend[ing] against frivolous motions and [making] motions to compel compliance with routine discovery demands." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). Here, the district court found that the "[d]efendants have purposely engaged in dilatory tactics, disputing every discovery request of the Plaintiffs, even where that information was obviously discoverable." *Serin v. N. Leasing Sys., Inc.*, No. 06–CV–1625, 2011 WL 1467560, at *2 (S.D.N.Y. Apr. 19, 2011). Thus, the district court did not abuse its discretion when it declined to reduce the plaintiffs' award of fees.

Next, Northern argues that the district court should have reduced the award of attorneys' fees in light of certain attorneys' failure to keep contemporaneous time records. In the federal courts, "absent unusual circumstances[,] attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam). However, the plaintiffs also brought state-law claims under N.Y. Gen. Bus. Law

3

§ 349, and "New York courts have specifically rejected the 'hard and fast rule that reconstructed time records can never serve as a basis for compensation' in favor of wider trial court discretion in evaluating fee petitions." *Riordan*, 977 F.2d at 53 (quoting *In re Karp*, 537 N.Y.S.2d 510, 515 (1st Dep't 1989)). Here, the district court reduced the number of hours attributed to the relevant attorneys by thirty-five percent, in part due to the lack of contemporaneous records. Given the different standards governing the federal and state-law claims and the substantial overlap between the factual predicates supporting those claims, we conclude that the district court did not abuse its discretion.

Finally, the plaintiffs argue that the district court abused its discretion when it reduced their attorneys' billing rates and when it declined to multiply their total fee award by a factor of four. The district court, however, made these decisions after extensive consideration of existing precedents. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (calculating "reasonable fees" according "to the prevailing market rates in the relevant community"); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 234 (2d Cir. 1987) ("[A]n adjustment to the lodestar figure . . . would only be proper in 'the *rare* case where the fee applicant offers specific evidence to show that the quality of service rendered was superior . . . and that the success was "*exceptional*."'" (quoting *Blum*, 465 U.S. at 899)). Accordingly, we find no abuse of discretion.

We have considered the parties' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4