13-3513-cv
*Hosking v. New World Mortgage, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand fourteen.

PRESENT: BARRINGTON D. PARKER,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GARY HOSKING, Individually, and on behalf
of himself and all others similarly situated,
*Plaintiff-Appellant,*

-v.-                                                          13-3513-cv

NEW WORLD MORTGAGE, INC., NEW WORLD
CAPITAL HOLDINGS, INC., EDWARD
MUNTEANU, KEEVIN H. LEONARD, FRANCIS
LEONARD,
*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Erik H. Langeland, Erik H. Langeland, P.C., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Gary Hosking appeals the district court's judgment entered September 13, 2013, denying his motion for damages, attorney's fees, and costs. The district court, adopting the magistrate judge's reports and recommendations (Lindsay, *Mag. J.*), ruled that Hosking had failed to demonstrate that he and the opt-in plaintiffs were entitled to recover some $4 million in back pay, attorney's fees, costs, and liquidated damages from the defaulting defendants. We assume the parties' familiarity with the facts and procedural history, which we briefly summarize below before addressing the merits.

Hosking filed this Fair Labor Standards Act ("FLSA") collective action against defendants New World Mortgage, Inc. ("NW Mortgage") and New World Capital Holdings, Inc. ("NW Capital") on May 31, 2007, to recover overtime compensation. Ten months later, he filed a motion to amend his complaint to add individual defendants, FLSA claims for failure to pay minimum wages, and New York Labor Law claims for overtime compensation and failure to pay minimum wages. Before granting the motion to amend, however, the district court granted Hosking's

motion for a default judgment against NW Mortgage.  Next, the district court granted a default judgment against one of the individual defendants, Edward Munteanu, and permitted Hosking to proceed as a collective action, with 45 "opt-in plaintiffs." Thereafter, a default judgment was entered against defendant NW Capital by stipulation.

Hosking filed a motion for damages on behalf of himself and the opt-in plaintiffs.  The district court referred the motion to the magistrate judge, who recommended denying the motion on three grounds:  (1) Hosking could not collect damages for unpaid minimum wages from NW Mortgage because the default judgment was entered against it before Hosking added the minimum wage claims; (2) the case was not conditionally certified as a collective action until after NW Mortgage and defendant David Munteanu had defaulted; and (3) Hosking and the opt-in plaintiffs did not prove damages with sufficient certainty and failed to document attorney's fees and costs.

Hosking objected, but only on the ground that the magistrate judge had not allowed the opt-in plaintiffs to submit additional information with respect to damages and attorney's fees.  The district court adopted the magistrate judge's report and recommendation, except that it gave Hosking time to submit information with respect to damages and fees.

Hosking supplemented his motion for damages. The magistrate judge reviewed the revised motion and again advised the district court to deny it. The district court adopted the magistrate judge's report and recommendation and denied the motion. This appeal followed.[1]

Two issues are presented: (1) whether Hosking waived his objections to the magistrate judge's first report and recommendation because he did not file objections in a timely manner; and (2) whether, in his supplemental motion, Hosking sufficiently proved damages and properly documented attorney's fees and costs. We address each issue in turn.

**1.** *Waiver*

This Court has adopted the rule that failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that Court of Appeals may adopt such rule).

Here, the magistrate judge's report and recommendation provided that objections were to be filed "within 14 days of service," and warned that "[f]ailure to file objections within [that] period" would waive the right to appeal. (App. 209). Hosking's

---

[1] Defendants have not participated in this appeal.

only objection to the magistrate judge's first report and recommendation was that it did not permit the opt-in plaintiffs to supplement their motion or provide records for *in camera* review, which the district court ultimately permitted. Hosking did not challenge the magistrate judge's recommendation that the claims against NW Mortgage and the individual defendants should be dismissed on grounds unrelated to the sufficiency of the proof of damages. Hosking's appeal is thus limited to the district court's adoption of the second report and recommendation, specifically, whether the supplemental motion for damages was sufficient to establish damages as to NW Capital.[2]

## 2. *Plaintiff's Supplemental Motion*

When a party moves for a default judgment, Rule 55(b) of the Federal Rules of Civil Procedure permits a district court to "conduct hearings or make referrals" to "determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ("In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court."). Accordingly, we

---

[2] The district court dismissed the complaint as to defendants Keevin Leonard and Francis Leonard because the plaintiffs never served them with the complaint. Hosking does not appeal this dismissal.

5

review the district court's decision for abuse of discretion. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129, 131-32 (2d Cir. 2011).

Before granting a damages award on a default judgment, the district court must ensure that the plaintiff has established the amount of damages to a "reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). An employee suing under the FLSA has the burden of proving that he performed the work for which he was not properly compensated. *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 66-67 (2d Cir. 1997). Where, as here, the employer did not maintain records of its employees' wages and hours, the testimony of a "representative sample of employees" is sufficient to meet this burden. *See id.* at 67 (2d Cir. 1997). Moreover, in the absence of employer records, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute*, Portal-to-Portal Act of 1947, 29 U.S.C. § 216(b) (2006), *as recognized in Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007).

The district court did not abuse its discretion in concluding that Hosking's supplemental submissions were insufficient. Hosking's supplemental motion consisted of a three-page memorandum of law, seven declarations from former employees, and "consent-to-join" forms from 43 of the 45 opt-in plaintiffs. We conclude that the district

6

court did not abuse its discretion in holding that these submissions were simply too vague to support Hosking's $4 million demand. For example, the seven declarants attested to the number of hours they worked "on average," and noted that they were not paid minimum wage the "vast majority" of the time. No declarant defined "vast majority," stated how the "average" number of hours was calculated, or addressed whether different employees could have worked different hours. Only one declarant mentioned vacation time -- asserting that he did not take any. None of the other opt-in plaintiffs provided details about vacation time, unpaid holidays, or sick days. Additionally, of the 43 opt-in forms, only eight included specific dates of employment; the others indicated only the period they worked at NW Capital only by months and years, and in some cases just the years. Still others had question marks or a blank space next to the field for "dates of employment."

Hosking correctly notes that the employee's burden in proving damages under the FLSA is minimal, particularly when the employer does not keep records. But the district court is not permitted to "just accept [plaintiff's] statement of the damages." *Transatl. Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Rather, there must be credible evidence to show "the amount and extent of [the uncompensated] work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Hosking did not proffer such evidence. Although some employees provided dates of their employment, they did not offer any other information from

7

which the district court could extrapolate a damages amount. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88-89 (2d Cir. 2003) (testimony that plaintiffs "'usually' worked" certain hours and did not know if they worked every Saturday was "only speculation to establish what hours these plaintiffs worked" and did not "present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees").

Similarly, Hosking had the burden of submitting sufficient evidence to support his application for attorney's fees, *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and indeed he was directed to submit contemporaneous time records. Yet, he failed to do so -- despite being granted more time after the district court adopted the magistrate judge's first report and recommendation. Accordingly, it was not an abuse of discretion for the district court to deny Hosking's motion as to attorney's fees. *See, e.g., Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam) ("[A]bsent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications.").

Finally, Hosking argues that the "[d]istrict [c]ourt failed to address [his] request for liquidated damages, as did the Magistrate." (Appellant's Br. at 35). Because the district court denied Hosking's motion for damages, however, it did not need to consider the issue of liquidated damages.

We have considered Hosking's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk