13-4817-cv
*Abeyta v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand fourteen.

PRESENT:  JOSÉ A. CABRANES,
　　　　　RICHARD C. WESLEY,
　　　　　PETER W. HALL,
　　　　　　　　*Circuit Judges.*

_____

ANDREW ABEYTA,

　　　　*Plaintiff-Appellant,*

　　　　　　v.　　　　　　　　　　　　　　　　No. 13-4817-cv

CITY OF NEW YORK, NANHAO CHEN, ALLAN TAEZA,

　　　　*Defendants-Appellees,*

JOHN DOE, the third named defendant being fictitious
and representing a police officer whose identity currently
is unknown to plaintiff,

　　　　*Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**　　　　EDWARD SIVIN, Sivin & Miller, LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**　　　　SUSAN PAULSON, Assistant Corporation Counsel (Richard Dearing, Assistant

Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a November 22, 2013 judgment and a March 7, 2014 order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and the order of the District Court are **AFFIRMED**.

Plaintiff Andrew Abeyta appeals from the District Court's November 22, 2013 judgment, after a jury trial, in favor of defendants on his claims for false arrest, excessive force, and First Amendment retaliation pursuant to 42 U.S.C. § 1983 and various state laws, and from its March 7, 2014 order granting defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Evidentiary Rulings

We review evidentiary rulings for abuse of discretion and will reverse only for "manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (internal quotation marks and alteration omitted). We afford district courts "wide latitude in determining whether evidence is admissible." *Id.* (internal quotation marks omitted). Furthermore, even if there is manifest error, we will not reverse if the error was "harmless." *Id.* (internal quotation marks omitted). An error is harmless if we "can conclude with fair assurance that the evidence did not substantially influence the jury." *Id.* (internal quotation marks omitted).

Upon review of the record and the relevant law, we conclude that the District Court did not err, much less "abuse its discretion," in admitting an email from plaintiff's friend, sent to plaintiff on the morning after the alleged incident. The email stated that a lawyer at plaintiff's counsel's law firm had advised that the City "always settles and these types of suits never go to trial." This evidence was relevant to defendants' theory that plaintiff had manufactured this lawsuit and was more probative than prejudicial.

The District Court also did not err in issuing an adverse inference instruction in connection with plaintiff's deactivation of his Facebook account shortly after initiating this lawsuit. Plaintiff conceded that the account contained relevant pictures and information that were no longer available as a result of his actions. Defendants' spoliation motion at trial was not untimely because defendants had previously requested, and the Court had previously ordered, that plaintiff produce the Facebook account information, and plaintiff produced only paper versions that were substantially illegible.

2

The District Court also did not abuse its discretion in precluding evidence of police procedures and patrol guides, as well as evidence of defendant Taeza's disciplinary history. The District Court was entitled to find that evidence of the procedures and guides could have "unduly confuse[d] the jury" because a departure from the guides does not necessarily establish a legal or constitutional violation. Moreover, the District Court allowed in relevant police testimony regarding the difference between an emotionally disturbed person and an intoxicated person. The District Court was likewise entitled to preclude evidence of defendant Taeza's disciplinary history as more prejudicial than probative.

Finally, the District Court did not err in precluding certain testimony from plaintiff's medical experts. The District Court properly permitted Dr. Wayne Gordon to testify that plaintiff's injury was consistent with head trauma, but precluded Dr. Gordon from testifying that the injury was the result of plaintiff's head hitting the hood of a police car. Dr. Gordon had no foundation for the latter statement aside from plaintiff's own assertions. Furthermore, the District Court acted within its discretion in delaying the testimony of Dr. Steven Reisner after learning that plaintiff had not produced treatment notes written by plaintiff and relied upon by Dr. Reisner. The District Court gave plaintiff the option to call Dr. Reisner again later at trial, but plaintiff declined.

On this record, we cannot say that the District Court erred. *Cf. In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining term of art "abuse of discretion").

## II. First Amendment Retaliation Claim

Because we conclude that the District Court's evidentiary rulings were not in error, the jury's verdict that defendants had probable cause to detain plaintiff, and did not use excessive force, was entirely sound. Accordingly, plaintiff's challenge to the District Court's dismissal of his First Amendment retaliation claim is without merit. *See Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012) (holding that there is no "specific right to be free from a retaliatory arrest that is otherwise supported by probable cause").

## III. Attorney's Fees

We review an award of attorney's fees for abuse of discretion. *Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010). "[A]ppellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (internal quotation marks omitted); *see generally In re Sims*, 534 F.3d at 132. Section 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Section 1988 "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox*, 131 S. Ct. at 2213 (internal quotation marks omitted).

3

We conclude that the District Court acted well within its discretion in awarding defendants $211,747.50 in attorney's fees. The District Court was in the best position to find, as it did, that

> while it seemed at the summary judgment stage that the officer defendants could have slammed plaintiff's head against the hood of their squad car, it became clear at trial that there was no credible evidence to support such a claim. Similarly, while it seemed at the summary judgment stage that plaintiff could have suffered life-altering brain injuries as a result of the alleged incident, it became evident at trial that plaintiff could not prove the existence of any injuries proximately caused by the alleged incident. . . .

> For example, during plaintiff's cross-examination, plaintiff conceded that he had continued playing video games, drinking, and going to strip clubs following the alleged incident, wholly undermining his allegation that as a result of the supposed incident, he was unable to work, leave his apartment for long periods of time, watch television, socialize with friends, or use a computer. . . .

Plaintiff's argument that his lawsuit survived defendants' dispositive motions and that not all of his claims were frivolous ignores the District Court's findings above.[1] The District Court also gave ample consideration to plaintiff's ability to pay. Accordingly, we see no reason to disturb the District Court's conclusion. *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265 (2d Cir. 2014) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential.").

### IV. Conclusion

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, the District Court's November 22, 2013 judgment and its March 7, 2014 order are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Plaintiff's citation to defendants' prior settlement offer is also unpersuasive and highly improper. *See* Fed. R. Evid. 408(a) ("Evidence of [a settlement offer] is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement . . . .").