09-0544-cv
Shapiro v. Milberg LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT:   JOHN M. WALKER, JR.,
                      JOSEPH M. McLAUGHLIN,
                      REENA RAGGI,
                              *Circuit Judges.*

--------------------------------------------------------------------------------
RUSSELL CARLSON, PAUL DANTZIG, and
THOMAS ZAMBITO,
                      *Plaintiffs*,

ROSLYN FEDER, JOSEPH GLADKE, SYLVIA
COHEN, SUSAN FLEISCHMAN, HERMAN
KRANGEL, LILLIAN KRANGEL, NOAH MINKIN,
ROBERT CORWIN, JAMES FRANCIS, DAVID
SNYDER, KENNETH MADY, ROELF IEST,
DEBBIE ANDERSON, MARGOLIS PARTNERSHIP,
GEORGE T. DEMAREST, GARTH NICHOLLS,
WAZIR SAJAN, MICHAEL EANNAZZO, 1993 GF
PARTNERSHIP LP, MATTHEW GRAY
REVOCABLE TRUST, DAVID A. DELCORSO,
FLORIDA STATE BOARD OF ADMINISTRATION,

TEACHERS' RETIREMENT SYS. OF LA,
FRANKLIN MUTUAL ADVISERS, LLC, and PPM
AMERICA, INC.,

> *Consolidated-Plaintiffs,*

JOEL SHAPIRO, CHARLES REINER, and PETER
CARFAGNA,

> *Consolidated-Plaintiffs-*
> *Appellants,*

v.                                                              No. 09-0544-cv

XEROX CORPORATION, KPMG LLP, PAUL
ALLAIRE, G. RICHARD THOMAN, ANNE
MULCAHY, and BARRY ROMERIL,

> *Defendants,*

GREGORY TAYLER, and PHILIP FISHBACH,

> *Consolidated-Defendants,*

MILBERG LLP, BERMAN DeVALERIO, and
JOHNSON & PERKINSON,

> *Respondents-Intervenors-*
> *Appellees.*

-------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        EDWARD F. SIEGEL, Cleveland, Ohio.

APPEARING FOR APPELLEES:        BRAD N. FRIEDMAN, Milberg LLP, New York,
New York (Ted Swiecichowski, Milberg LLP,
New York, New York, Glen DeValerio, Bryan A.
Wood, Berman DeValerio, Boston,
Massachusetts, Dennis J. Johnson, Johnson &
Perkinson, South Burlington, Vermont, *on the
brief*).

Appeal from the United States District Court for the District of Connecticut (Alvin

W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 15, 2009, is AFFIRMED.

Appellants, three members of a class that settled a securities fraud action for $750 million, object to the district court's award of attorneys' fees to appellees in the amount of 16% of the common fund's recovery and $3,314,399.90 in expenses. We review the form and content of the notice given to class members, see Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 438 (2d Cir. 2007), and the reasonableness of the fee award, see Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47-48 (2d Cir. 2000), for abuse of discretion, deferring to the "district court, which is intimately familiar with the nuances of the case," In re Bolar Pharm. Co. Sec. Litig., 966 F.2d 731, 732 (2d Cir. 1992). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Notice to the Class

Appellants submit that notice of the proposed fee award was not "directed to class members in a reasonable manner," Fed. R. Civ. P. 23(h)(1), because the notice did not include the date of appellees' motion for attorneys' fees or indicate how class members could access the motion document. This argument reduces to a challenge to the form and content of the notice, which we review for abuse of discretion, see Masters v. Wilhelmina Model Agency, Inc., 473 F.3d at 438, and we detect none here.

3

The notice clearly states that "Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed twenty percent (20%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of five million dollars ($5,000,000)."[1]  Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing at 3.  The notice also informed class members as follows: "[Y]ou can object to . . . the application by Plaintiffs' Co-Lead Counsel for an award of fees and expenses.  You may write the Court setting out your objection."  Id. at 14.  The notice provided the addresses of the court and all counsel, so that class members could appropriately serve their objections, and it informed class members of the fairness hearing, at which they could appear to express their disapproval.  That many class members – not just the three appellants – submitted objections to the court confirms that the notice was reasonably directed to class members as required by Rule 23.

---

[1] Appellants assert that "[t]he phrase 'not to exceed [twenty percent (20%)],' in isolation, is meaningless, and does not permit any class member to make an informed evaluation of the fee request or to draft an effective opposition to it."  Appellants' Br. at 9. We do not decide whether this proposition is true in the abstract because the notice in this case did place the 20% figure in context by (1) calculating the proposed fee on a per-share basis, (2) explaining the work attorneys performed, and (3) clarifying the customary practice in similar class actions.  In this regard, appellees' actual motion for fees was less detailed than the notice to class members, because it sought an award of 20% of the settlement and reimbursement for expenses without any additional explanation.

2.      Reasonableness of Fee

     a.      Contract Attorney Time

Appellants submit that the fee award of $3,314,399.90 was unreasonable because the district court should not have included contract attorney time in its "lodestar" calculation.[2] In fact, the district court did not employ the lodestar method. Rather, it used the percentage method, which considers "less objective" factors to determine a fair fee as a percentage of the common fund's recovery. See Goldberger v. Integrated Res., Inc., 209 F.3d at 47. We identify no abuse of discretion in the district court's thorough application of these factors. See Carlson v. Xerox Corp., 596 F. Supp. 2d 400 (D. Conn. 2009).

Thus, appellants challenge only the district court's lodestar cross check of its percentage fee determination. See, e.g., Goldberger v. Integrated Res., Inc., 209 F.3d at 50 ("[W]e encourage the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage."). Here, the district court reduced the percentage fee award from the requested 20% to 16% based on its Goldberger analysis. In undertaking the lodestar cross check, the court concluded that "[t]he only argument against [the 1.25

_____

[2] The lodestar method calculates fees as "the product of the attorney's usual hourly rate and the number of hours worked." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186 (2d Cir. 2008). We have cautioned that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness," because even courts that choose to employ the lodestar method must still weigh various equitable factors to arrive at a "presumptively reasonable fee." Id. at 190.

5

multiplier imposed by the court, as opposed to the 1.56 multiplier counsel requested] is that it is simply too low." Carlson v. Xerox Corp., 596 F. Supp. 2d at 413. The district court noted that, had it made a 90% reduction in contract attorney time in its lodestar calculation, the resulting multiplier would be 3.59, still below the 3.6 average and in line with the 3.1 median for similar cases. Thus, even if we were to accept appellants' argument that contract attorney time should be counted as an expense rather than as part of the lodestar calculation – a theory open to debate, see In re Enron Corp. Sec. Deriv. & "ERISA" Litig., 586 F. Supp. 2d 732, 782-83 (S.D. Tex. 2008); In re Tyco Int'l, Ltd. Multidistrict Litig., 535 F. Supp. 2d 249, 272 (D.N.H. 2007) – we could not conclude that the fee awarded in this case is unreasonable.

b.     Reasonable Paying Client

Appellants also urge us to set aside the fee because it exceeds the amount a reasonable client would be willing to pay. Cf. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). We are not persuaded. Unlike in the context of fee-shifting statutes, which we examined in Arbor Hill, attorneys' fees are awarded in common fund cases in order to "prevent[] unjust enrichment of those benefitting from a lawsuit without contributing to its cost." Goldberger v. Integrated Res., Inc., 209 F.3d at 47. Thus, we have said that attorneys who create a fund are "entitled to a reasonable fee – set by the court – to be taken from the fund." Id.; see also In re Agent Orange Prod. Liab.

6

Litig., 818 F.2d 216, 222 (2d Cir. 1987) ("[A]n attorney who creates a fund for the benefit of a class should receive compensation from the fund for his efforts."). This fee does not necessarily approximate what a client would pay; rather, it must reflect "the actual effort made by the attorney to benefit the class." Central States Se. and Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC, 504 F.3d 229, 249 (2d Cir. 2007) (internal quotation marks omitted). Because the district court properly considered the relevant factors, see Goldberger v. Integrated Res., Inc., 209 F.3d at 50, and reached a reasonable conclusion within its discretion, we will not disturb its judgment.

We have considered appellants' other arguments and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: _____

7