Cassese v. Wash. Mut., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFE CT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

------------------------------------------------------------------------

DENISE CASSESE, individually and on behalf of all others similarly situated, FKA DENISE CALIGUIRI, GEORGE SCOTT RUSH, RICHARD SCHROER, WILLIAM BLOOM,

*Plaintiffs–Appellees–Cross-Appellants*,

RICHARD MELICHAR,

*Plaintiff*,

WASHINGTON MUTUAL, INCORPORATED,

*Defendant–Appellee*,

Nos.
11-4333-cv(L)
11-4426-cv(CON)
11-4429-cv(CON)
11-4452-cv(CON)
11-4840-cv(XAP)
11-5091-cv(CON)

THE FEDERAL DEPOSIT INSURANCE COMPANY, in its capacity as receiver for Washington Mutual Bank, such entity having incorporated former defendants Washington Mutual Bank, FA and Washington Mututal Home Loans, Inc., WASHINGTON MUTUAL BANK, FA, WASHINGTON MUTUAL BANK, FSB, WASHINGTON MUTUAL BANK,

WASHINGTON MUTUAL HOME LOANS, INCORPORATED,
   *Defendants*,


    v.

JOHN HENRY WILLIAMS, BRENDA S. KOMAR, KEARNEY DEE HUTSLER,
   *Objectors–Appellants–Cross-Appellees*,

CHRISTOPHER BATMAN, JO BATMAN, SIDNEY SCHOLL,
   *Interested Parties.*

-------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANTS: | IRWIN B. SCHWARTZ, BLA Schwartz, PC, New York, New York, *for Objector–Appellant–Cross-Appellee Brenda Komar.* |
| FOR APPELLANTS: | Steve A. Miller, Esq., Denver, Colorado, *for Objector–Appellant–Cross-Appellee John Henry Williams.* |
| | John J. Pentz, Esq., Maynard, Massachusetts, *for Objector–Appellant–Cross-Appellee Kearney Dee Hustler.* |
| APPEARING FOR APPELLEES: | JOSEPH C. TUSA, Esq., Lake Success, New York (Peter D. St. Phillip, Jr., Lowey Dannenberg Cohen & Hart, P.C., White Plains, New York, *on the brief*), *for Plaintiffs–Appellees–Cross-Appellants Denise Cassese, George Scott Rush, Richard Schroer, William Bloom.* |
| | JOHN P. MASTANDO III (Gregory Silbert, Vanessa W. Chandis, *on the brief*), Weil, Gotshal & Manges LLP, New York, New York, *for Defendant-Appellee Washington Mutual, Inc.* |

Cross-appeals from a judgment and order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 23, 2011, and the order entered on November 10, 2011, are both AFFIRMED.

These cross-appeals arise from approval of a settlement ending over six years of class action litigation against defendant Washington Mutual, Inc. ("WMI"), for alleged violations of federal and state law in charging pre-payment fees relating to residential mortgage and home equity loans. No party to this appeal challenges the terms of the settlement itself. Rather, various non-party class members ("objectors") appeal from the denial of their challenges to the award of $1,705,000 in costs, of which $1.7 million represents attorney's fees, to class counsel Lowey Dannenberg Cohen & Hart, P.C., and Joseph C. Tusa ("class counsel"). Specifically, the objectors contend that the district court erred by (1) requiring them to file objections to class counsel's request for fees before the fee motion was due, (2) denying their request for discovery of class counsel's billing records, (3) awarding an unreasonably high fee, and (4) failing to make the requisite findings in connection with the fee award. On cross-appeal, class counsel submits that (1) the $1.7 million fee award was unreasonably low; and (2) a separate award of $18,978 in attorney's fees to objector Brenda Komar, for her efforts in resisting deposition discovery, was unwarranted. Komar insists that the fee award to her was proper and seeks further reimbursement of all fees she incurred in objecting to the settlement, a request that the district court denied.

We review the form and content of notice to class members, see Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 438 (2d Cir. 2007), as well as the fee award itself, see Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47–48 (2d Cir. 2000), for abuse of discretion, which we will not identify absent "a mistake of law or a clearly erroneous factual finding," id. at 47. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the challenged fee awards in all respects.

1.     Notice of Fee Motion

The objectors argue that the district court violated Fed. R. Civ. P. 23(h) and their due process rights by scheduling objections to the settlement, including to class counsel's request for attorney's fees and expenses, to be due before the fee motion. We construe this argument as a challenge to the reasonableness of the notice of class counsel's fee motion, see Fed. R. Civ. P. 23(h)(1) (requiring that such notice be "directed to class members in a reasonable manner"), which we review only for abuse of discretion, see Masters v. Wilhelmina Model Agency, Inc., 473 F.3d at 438. We identify none.

We recognize that at least one court has accepted the due process argument advanced by the objectors here. See In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 995 (9th Cir. 2010) ("[A] schedule that requires objections to be filed before the fee motion itself is filed denies the class the full and fair opportunity to examine and oppose the motion that Rule 23(h) contemplates."). We need not decide whether requiring objections to be filed in

4

advance of a fee motion might raise due process concerns in some case. We conclude only that notice of class counsel's fee request was reasonable here under the circumstances and sufficient to satisfy due process.[1]

The Notice of Class Action and Proposed Settlement, dated June 27, 2011, stated that (1) "WMI has agreed to pay Thirteen Million Dollars ($13,000,000.00) (the 'Gross Settlement Fund') into the Cassese/WMI Settlement Account"; (2) class counsel would apply for "attorneys' fees not to exceed Three Million Nine Hundred Thousand Dollars ($3,900,000.00)" and "reimbursement of unpaid expenses . . . not to exceed Fifty Thousand Dollars ($50,000.00)"; (3) class members could object to any aspect of the proposed settlement by August 31, 2011; and (4) a fairness hearing would be held on September 15, 2011, in the Eastern District federal courthouse. June 27, 2011 Class Action Settlement Notice 1–2. In its ensuing fee motion, class counsel requested fees and costs in the precise amounts specified in the settlement notice and divulged additional information regarding counsel's billing rates, hours worked, and tasks performed. Any objectors then had two weeks to crystallize their objections and request further information before attending the

---

[1] That the objectors' due process claim fails on the merits does not, as class counsel urges, defeat their Article III standing to pursue this claim on appeal, insofar as they assert that Rule 23(h) entitles them to notice of a different kind and degree from what they received and that, as a result, they could not challenge the fee award to a proper extent. See Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009) (noting that asserted deprivation of procedural right affecting concrete interests suffices for standing); cf. Lerner v. Fleet Bank, N.A., 318 F.3d 113, 127 (2d Cir. 2003) ("Issues relating to the merits of an action, almost by definition, are not jurisdictional.").

fairness hearing. With the objectors here having availed themselves of those opportunities, we identify no abuse of discretion or due process denial in that portion of the district court's scheduling order relating to the fee motion. See Carlson v. Xerox Corp., 355 F. App'x 523, 525 (2d Cir. 2009) (summary order) (concluding under similar circumstances that notice of class counsel's fee motion "was reasonably directed to class members as required by Rule 23").

Nor do we identify error in the district court's failure to order disclosure of class counsel's contemporaneous time records, appended to the fee request and filed under seal. While "applications for attorney's fees [must] be supported by contemporaneous [billing] records," Scott v. City off New York, 626 F.3d 130, 132 (2d Cir. 2010), we are aware of no authority holding that class counsel must open its books to objectors for inspection by virtue of filing a fee motion. To the contrary, whether to grant objectors access to billing records is a matter within the district court's discretion. See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 120 (2d Cir. 2005); see also In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 102 (2d Cir. 2008) ("We review discovery rulings for abuse of discretion.").

No objector specifies how access to class counsel's billing records would have affected her objections to the fee request. Indeed, at the fairness hearing as well as in her pre-hearing submission, objector Komar complained almost exclusively about the lack of time records, expressing no view as to what percentage of the common fund would be a reasonable fee under the circumstances or what an appropriate blended hourly rate might be

in the relevant locality.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 191 (2d Cir. 2008).  Thus, we do not disturb the district court's conclusion that it had "enough material" before it to decide the fee award without further input from the objectors.  Sept. 15, 2011 Hearing Tr. ("Tr.") 37–38.

2.     Fee Award to Class Counsel

For differing reasons, both sides charge the district court with abuse of discretion for failing properly to apply the Goldberger factors.  In addition, the objectors argue that the district court inadequately explained its award of fees and expenses.  See generally Fed. R. Civ. P. 23(h)(3) (requiring court to state factual findings and legal conclusions relating to fee award); Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1676 (2010) (requiring "reasonably specific explanation for all aspects of a fee determination").  The record defeats these arguments.

The fairness hearing transcript reveals that the district court employed a "percentage of the recovery" approach as a starting point in calculating the fee award.  Goldberger v. Integrated Res., Inc., 209 F.3d at 45.  The court stated that the requested $3.9 million in fees represented "30.4 percent of the settlement fund."  Tr. 30.  It then referenced the lodestar calculation of $1,644,000 submitted by class counsel, and concluded that the fee award "should be somewhere around [that] amount."  Id. at 29.  Its statement that the "need for exact records [wa]s not . . . imperative," id. at 38, is consistent with our recognition that "where used as a mere cross-check" to a percentage fee calculation, the "hours documented

7

by counsel need not be exhaustively scrutinized by the district court," Goldberger v. Integrated Res., Inc., 209 F.3d at 50.

The court's ultimate award of $1,705,000 thus did not spring "from a black box." Hutsler Br. 7. To the contrary, the district court's discussion of counsel's fee award closely tracks the factors enumerated in Goldberger, 209 F.3d at 50 (instructing courts to consider such "traditional criteria" as "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations" (internal quotation marks omitted)). Having presided over the case for nearly six years and issued numerous opinions resolving various motions, the trial court relayed its view that the case was not "the average class action where there is a complaint served, a few things occur, and then there is a settlement." Tr. 38. Rather, the work "was difficult," id. at 31, the litigation was protracted and "vicious," id. at 37, and class counsel's performance was "outstanding," id. at 40. These concise findings are sufficient for us to conclude that the $1.7 million fee award fell comfortably within the trial court's broad discretion and that the objectors' challenge is meritless.

Having been awarded 13% of the common settlement fund and the entirety of its "presumptively reasonable" lodestar, Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 190, class counsel nevertheless contends that the district court erred in failing to award the entire amount of fees requested. To the extent counsel

8

argues that the fee award did not incorporate "the risk, complexity, and efficiency with which the work Class Counsel performed in this case," Class Counsel Br. 46, we note that similar arguments were advanced to the district court, which was in the best position "to assess the skill of the attorneys  and the amount of time reasonably needed to litigate [the] case," Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1057–58 (2d Cir. 1989), and which did not exceed its "wide discretion" in rejecting these arguments, Victor v. Argent Classic Convertible Arbitrage Fund L.P., 623 F.3d 82, 88 (2d Cir. 2010) (calling Goldberger factors "flexible").[2]   Moreover, we are instructed by the Supreme Court that the determination of attorney's fees "'should not result in a second major litigation,'" that "trial courts need not, and indeed should not, become green-eyeshade accountants," and that "appellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.'" Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Finally, we identify no legal error in the district court's statement that it was reducing the fee "from what it really should be, because the claimants are paying for it." Tr. 38.  We take the experienced and able trial judge's statement that "[t]he fee would be justified" if it were not "being paid out of the claimants' share," id. at 37, to evince not, as class counsel

---

[2] Insofar as counsel assails a 1.022 lodestar multiplier as impermissibly low, we observe that the actual multiplier is in all likelihood higher, given that counsel's suggested blended rate of $566 for attorney and paralegal work exceeds the rates the district court viewed as reasonable in the locality for attorneys alone.

9

submits, an unconsidered preference for separately negotiated fee arrangements, but rather its view that the fee request was inappropriate in light of the total amount in the settlement fund. Given our exceedingly deferential review, we have no reason on this record to question the district court's "jealous regard to the rights of" the same claimants whom class counsel represents. Goldberger v. Integrated Res., Inc., 209 F.3d at 53 (internal quotation marks omitted). No different conclusion is warranted by Perdue v. Kenny A. ex rel. Winn, wherein the Supreme Court indicated that it would be error for a district court to "award[] an enhancement on an impressionistic basis." 130 S. Ct. at 1676. Here, the district court did no such thing. Rather, it declined to award an enhancement that it thought was greater than necessary to do justice to all parties in the case. We identify no abuse of discretion in its actions.

2.      Fee Award to Komar

Nor do we identify abuse of discretion with respect to the award of $18,978 in counsel fees to objector Komar based on the finding that class counsel's repeated, unsuccessful efforts to compel her testimony were unreasonable. See Fed. R. Civ. P. 37(a)(5)(B). The court also acted within its discretion to deny further reimbursement to Komar of attorney's fees incurred in objecting to the settlement on the ground that those objections did not influence the court's decision or otherwise "confer substantial benefits on the class." Victor v. Argent Classic Convertible Arbitrage Fund L.P., 623 F.3d at 87. These conclusions locate ample record support.

10

The judgment and order of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court