ELIZABETH A. WOLFORD, United States District Judge
BACKGROUND
Plaintiff Nationstar Mortgage LLC ("Plaintiff") commenced this action on December 20, 2016, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 573 Bay Road, Webster, New York 14850, together with the land, buildings, and other improvements located on the property ("Property"). (Dkt. 1 at ¶ 1). Defendants Eric L. Atanas, also known as Eric Atanas, and Kathleen M. Pink, also known as Kathleen Pink (collectively, "Defendants"), have not appeared in this action. (Dkt. 8). On March 16, 2017, Plaintiff filed a motion for a default judgment and for foreclosure and sale of the Property. (Dkt. 9; see Dkt. 10). On May 23, 2017, the Court denied that motion without prejudice and granted Plaintiff the opportunity to file a renewed motion for a default judgment to cure the *621 deficiencies described therein. (Dkt. 13). On July 6, 2017, Plaintiff timely filed a renewed motion for a default judgment and for foreclosure and sale of the Property. (Dkt. 16; see Dkt. 17; Dkt. 18). The Court issued a motion scheduling order the same day, setting a briefing schedule and directing Plaintiff to serve that order and Plaintiff's motion papers upon Defendants. (Dkt. 20). On July 10, 2017, Plaintiff filed an affidavit of service, demonstrating that Plaintiff had served Defendants with the Court's motion scheduling order and Plaintiff's motion papers. (Dkt. 21). To date, Defendants have not answered the motion papers or otherwise appeared in this action. The Court assumes familiarity with the factual background and procedural history of this case, as set forth in its May 23, 2017, Decision and Order. (See Dkt. 13 at 1-3).
Currently before the Court is Plaintiff's renewed motion for a default judgment and for foreclosure and sale of the Property. (Dkt. 16). For the reasons set forth below, Plaintiff is granted default judgment, Plaintiff's counsel's request for attorney's fees is denied, and a judgment of foreclosure and sale of the Property is denied without prejudice with leave to renew.
DISCUSSION
I. Default Judgment
Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). Here, Plaintiff has already obtained entry of default as to Defendants. (Dkt. 8). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." New York v. Green , 420 F.3d 99, 104 (2d Cir. 2005) ; see also Fed. R. Civ. P. 55(b) (providing for entry of default judgment by the clerk where the "plaintiff's claim is for a sum certain" or by the court in "all other cases").
"In determining whether to enter a default judgment, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." La Barbera v. Fed. Metal & Glass Corp. , 666 F.Supp.2d 341, 347 (E.D.N.Y. 2009). In light of the Second Circuit's "strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply," the Second Circuit has "characterized a district court's discretion in proceeding under Rule 55 as circumscribed." City of New York v. Mickalis Pawn Shop, LLC , 645 F.3d 114, 129 (2d Cir. 2011) (citations and quotations omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara , 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." Greathouse v. JHS Sec. Inc. , 784 F.3d 105, 116 (2d Cir. 2015).
II. Mortgage Foreclosure
"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." U.S. Bank, N.A. v. Squadron VCD, LLC , 504 Fed.Appx. 30, 32 (2d Cir. 2012) ; see also Ditech Fin. LLC v. Sterly , No. 5:15-CV-1455(MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) ;
*622 OneWest Bank, N.A. v. Conklin , 310 F.R.D. 40, 44 (N.D.N.Y. 2015).
Article 13 of the RPAPL also sets forth various procedural requirements in a mortgage foreclosure action. Sterly , 2016 WL 7429439, at *4 ; Conklin , 310 F.R.D. at 42. For example, § 1303 requires the foreclosing party to serve a mortgagor with the specific notice entitled, "Help for Homeowners in Foreclosure," as set out in that statute, along with the summons and complaint, before commencing a foreclosure action. RPAPL § 1303. Section 1304 requires the mortgage loan servicer to serve the borrower with a notice entitled, "You May be At Risk of Foreclosure," at least ninety days before commencing an action. Id. at § 1304. Section 1306 requires a lender to file certain information with the Superintendent of the New York State Department of Financial Services, within three days of mailing the pre-litigation notice required under § 1304. Id. § 1306. Section 1320 sets forth a "special summons requirement in private residence cases" that applies in an action to foreclose a mortgage on a residential property containing not more than three units. Id. § 1320.
Section 1331 requires the filing of a notice of pendency and states as follows:
The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.
Id. § 1331. A copy of the complaint must be filed with the notice of pendency, unless the complaint has already been filed in that county. CPLR 6511(a).
As was the case during this Court's review of Plaintiff's first motion for default judgment, Plaintiff appears to have established the common-law elements of a foreclosure action. (Dkt. 18-2 at 3-6 (Note), 8-25 (Mortgage); Dkt. 18-7 (Pl. Aff.) ). In its May 23, 2017, Decision and Order, this Court determined that Plaintiff had "complied with the procedural requirements of the RPAPL in most-but not all-respects." (Dkt. 13 at 5). Specifically, while acknowledging that Plaintiff's counsel had affirmed that "a notice of pendency was filed in the Monroe County Clerk's Office in accordance with RPAPL § 1331 and CPLR 6511(a)," the Court found that "nothing in the record supports counsel's assertion that Plaintiff has complied with CPLR 6511(a) by filing the complaint with the notice of pendency." (Id. at 6). Upon review of Plaintiff's renewed motion, the Court finds that all of the procedural requirements of the RPAPL have now been satisfied.
Plaintiff's renewed motion, like its first motion, demonstrates that it has complied with § 1304 by serving the pre-litigation notice required under that statute (Dkt. 18-7 at 22), and with § 1306 by filing with the Superintendent of the New York State Department of Financial Services the information required by that statute (id. at 46). Plaintiff also served the following documents on each Defendant: the summons and complaint, notices pursuant to RPAPL §§ 1303 and 1320, a debt validation letter, and a certificate of merit. (Dkt. 18-3).
However, unlike its first motion, Plaintiff has demonstrated that the complaint and summons were filed with the Monroe County Clerk's Office at the same time as the notice of pendency. Here, Plaintiff submitted an attorney affidavit indicating that the complaint and summons were filed with the Office of the Monroe County Clerk alongside the notice of pendency.
*623 (Dkt. 18 at ¶ 5); see Conklin , 310 F.R.D. at 44 ("Plaintiff's attorney has submitted an affidavit confirming that a copy of the complaint filed with this Court was filed with the notice of pendency as required by [ CPLR 6511(a) ]."); cf. Nationstar Mortg. LLC v. Moody , No. 5:16-CV-0279 (LEK/ATB), 2017 WL 1373890, at *1 (N.D.N.Y. Apr. 13, 2017) (Since it appears that Nationstar's new motion otherwise meets the requirements for default judgment, the Court will permit Nationstar to renew its request for default judgment through a letter request either affirming that a copy of the complaint was in fact filed with the original notice of pendency, or including a new notice of pendency filed with the county clerk." (footnote omitted) ). Moreover, the complaint and summons provided by Plaintiff bear the Monroe County Clerk's time stamp, reflecting that they were filed on January 6, 2017, at 9:42 a.m. (Dkt. 18-2 at 32, 34), which is the same time stamp that appears on Plaintiff's notice of pendency (Dkt. 4); see Williams v. Trailwood Transp., LTD. , No. 09-CV-1005-JTC, 2010 WL 3386901, at *1 (W.D.N.Y. Aug. 25, 2010) ("The documents bear the County Clerk's time stamp of June 19, 2009 at 9:31 a.m., indicating that the complaint was filed on June 19, 2009."); Carlos v. N.Y. State Dep't of Taxation , 531 F.Supp. 359, 361 n.4 (N.D.N.Y. 1981) (relying, in part, on the Albany County Clerk's time stamp in determining when the action was commenced).
Accordingly, the Court finds that Plaintiff has demonstrated that § 1331 has been satisfied, and thus, the Court concludes that all of the requirements for seeking a foreclosure of a mortgage pursuant to the RPAPL are fulfilled. Therefore, Plaintiff has now satisfied the procedural requirements for default judgment.
III. Attorney's Fee Request
In its May 23, 2017, Decision and Order, the Court advised Plaintiff's counsel that his request for attorney's fees was "defective" because "counsel ha[d] failed to support the request with contemporaneous time records." (Dkt. 13 at 9). The Court admonished Plaintiff's counsel so that any subsequent filing would cure this defect, and Plaintiff's counsel has now renewed his request for attorney's fees. (See Dkt. 17 at 8-10; Dkt. 18-6). Having granted Plaintiff's motion for a default judgment, the Court turns to Plaintiff's counsel's request for attorney's fees.
"The note and mortgage, as the governing instruments, should determine any default damages." Conklin , 310 F.R.D. at 45 (citing Builders Bank v. Rockaway Equities, LLC , No. CV 2008-3575 (MDG), 2011 WL 4458851, at *6 (E.D.N.Y. Sept. 23, 2011) ). Here, the Note indicates that Defendants could be liable for "reasonable attorneys' fees" in the event of a default. (See Dkt. 18-2 at 4). The Mortgage also provides that "[i]n any lawsuit for Foreclosure and Sale, [Plaintiff] will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount [Defendants] owe [Plaintiff]...." (Id. at 21).
Plaintiff has once again failed to provide contemporaneous time records with its motion papers. (See Dkt. 18-6). "The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records." Kottwitz v. Colvin , 114 F.Supp.3d 145, 150 (S.D.N.Y. 2015) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey , 711 F.2d 1136, 1148 (2d Cir. 1983) ). This is considered "a strict rule from which attorneys may deviate only in the rarest of cases." Scott v. City of New York , 626 F.3d 130, 133 (2d Cir. 2010) ; see *624 BH99 Realty, LLC v. Qian Wen Li , No. 10-CV-0693 (FB) (JO), 2011 WL 1841530, at *7 (E.D.N.Y. Mar. 16, 2011) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances."), report and recommendation adopted sub nom. BH99 Realty, LLC v. Qian Wen , No. 10-CV-693 (FB) (JO), 2011 WL 1838568 (E.D.N.Y. May 13, 2011). "In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.' " Mack Fin. Servs. v. Poczatek , No. CV 10-3799 (JS) (AKT), 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011) (quoting Broad. Music, Inc. v. R Bar of Manhattan, Inc. , 919 F.Supp. 656, 661 (S.D.N.Y. 1996) ), report and recommendation adopted in part , 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011).
In its first application for attorney's fees, Plaintiff's counsel merely "set[ ] out a non-comprehensive list of time spent on various tasks performed in connection with the lawsuit, without specifying who performed the work, the hourly rate, or the date on which each task was performed." (Dkt. 13 at 10; see Dkt. 10-5). In its May 23, 2017, Decision and Order, the Court noted that a number of other courts in this Circuit have denied attorney's fee awards in the absence of contemporaneous time records. (Dkt. 13 at 9); see, e.g. , Moody , 2017 WL 1373890, at *1 n.2 (finding request for attorney's fees defective because it lacked contemporaneous time records); Nationstar Mortg. LLC v. Mohr , 3:16-CV-0977 (LEK/DEP), 2017 WL 1373888, at *4 & n.1 (N.D.N.Y. Apr. 13, 2017) (same); U.S. Bank Trust, N.A. v. Monroe , No. 1:15-CV-1480(LEK/DJS), 2017 WL 923326, at *1 n.1 (N.D.N.Y. Mar. 8, 2017) (cautioning Plaintiff's counsel "not to include requests for attorney's fees in any subsequent motion for default judgment that are prohibited by Second Circuit law"); U.S. Bank Tr., N.A. v. Dingman , No. 16-CV-1384 (CS), 2016 WL 6902480, at *6 & n.16 (S.D.N.Y. Nov. 22, 2016) ("I have previously denied fees to [Gross Polowy, LLC] on the basis of lack of contemporaneous records. Counsel should realize that he must maintain contemporaneous time sheets to be awarded attorney's fees in this Circuit, and should refrain from seeking fees unless he either has maintained contemporaneous records or has a legal basis to argue that the requirement for such records should not apply." (citation omitted) ); OneWest Bank, N.A. v. Denham , No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *13 (E.D.N.Y. Aug. 31, 2015) (recommending that the plaintiff "be advised that its failure to keep and submit contemporaneous time records in any future suits in which they seek attorney's fees from this Court will result in a denial of any fee award"), report and recommendation adopted , 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015).
Plaintiff has submitted a revised attorney fee declaration. (Dkt. 18-6). Putting aside Plaintiff's removal of tasks that have not yet occurred, such as "Post sale activity" (Dkt. 10-5 at 3); see Onewest Bank, N.A. v. Cole , No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *7 (E.D.N.Y. July 17, 2015) (denying request for attorney's fee award and noting that "[t]he affirmation also includes tasks that have not yet occurred, including 'Post sale activity' despite the Court not yet ordering such sale"), Plaintiff's counsel's declaration has reduced the number of hours asserted in its prior application for many of the same tasks performed. (Compare Dkt. 10-5 at ¶ 4, with Dkt. 18-6 at ¶ 3). Although Plaintiff identifies each attorney and paralegal *625 involved in performing the services summarized in the declaration, the Court is unaware of the credentials for the named attorney other than the fact that he is an "associate." (Dkt. 18 at ¶ 1); see Francis v. AMCA , No. 15 Civ. 3624 (BMC), 2015 WL 4662724, at *4 (E.D.N.Y. Aug. 6, 2015) (noting that the attorney's fee application failed to provide any information "about [the] plaintiff's attorney's experience in [Fair Debt Collection Practices Act] cases or indeed any legal practice"). Furthermore, the list of described services remains non-comprehensive, and there are no dates associated with the work performed. (See Dkt. 18-6); see, e.g. , U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross , 255 F.Supp.3d 427, 433 (W.D.N.Y. 2017).
Counsel's reconstruction of the services provided for Plaintiff falls short of the strict standards applied in this Circuit when seeking an award of attorney's fees. See Dingman , 2016 WL 6902480, at *6 ("Although counsel apparently attempted to retroactively create time records by breaking the total requested award into tasks of attorneys and paralegals, this is insufficient under the Second Circuit's mandate set forth in Carey ." (citations omitted) ); Cit Bank v. Dambra , No. 14-CIV-3951(SLT/VMS), 2015 WL 7422348, at *8 (E.D.N.Y. Sept. 25, 2015) (finding counsel's "significant efforts to recreate these time records" to be inadequate under "the strict standard set by Carey " where the "document identified the three attorneys, three law clerks and thirteen legal assistants who worked on this matter, and provided detailed estimates of the time worked by each individual"), report and recommendation adopted , 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015). While "actual contemporaneous time records" are not always required, there is no indication that Plaintiff's summary of the work performed was based upon contemporaneous notations that were recorded as these services were being provided. Cf. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers , 34 F.3d 1148, 1160 (2d Cir. 1994) (holding that attorney's fees should be awarded even though counsel "did not submit actual contemporaneous time records" because "[a] review of the submissions made by [the attorneys] shows that they made contemporaneous entries as the work was completed, and that their billing was based on these contemporaneous records"). Indeed, the Court notes that Plaintiff's counsel's second attorney fee declaration sets forth fewer attorney and paralegal hours than the first attorney declaration fee for what, in several instances, appears to be the same work. (Dkt. 10-5 at ¶ 4; Dkt. 18-6 at ¶ 3). Thus, the Court questions the accuracy of counsel's recording practices.
Therefore, in the absence of contemporaneous time records or "supporting documentation" that "is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done," Plaintiff's counsel's request for an attorney's fee award must be denied. Cole , 2015 WL 4429014, at *6 (quotation marks omitted).
IV. Default Damages
Plaintiff also requests damages arising under the terms of the Note and Mortgage, and recovery for other costs arising from this action. Specifically, Plaintiff has filed a Statement of Damages, which seeks the unpaid principal balance on the Mortgage, the interest accumulated between January 1, 2016, to February 2, 2017, accruing at a yearly rate of 4.50%, and various advances on insurance, taxes, property preservation, inspection, and valuation. (Dkt. 18-8 at 1). Plaintiff also seeks to recover certain fees pertaining to the filing *626 and service of this action and the filing of the notice of pendency. (Id. at 2).
"A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages." 1st Bridge LLC v. 682 Jamaica Ave., LLC , No. 08-CV-3401 (NGG)(MDG), 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010). "Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable." OneWest Bank, NA v. Raghunath , No. 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015) (citing LeBlanc-Sternberg v. Fletcher , 143 F.3d 748, 763 (2d Cir. 1998) ), report and recommendation adopted , No. 14-CV-3310 (RJD) (MDG), 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). "On an inquest for damages following a default, plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l. , No. 12 CIV. 1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp. , 973 F.2d 155, 158 (2d Cir. 1992) ), report and recommendation adopted , 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). "A party is not entitled to recover costs for which it provides inadequate substantiation." Nationstar Mortg. LLC v. Fernandez , No. 17-CV-404 (DRH) (SIL), 2017 WL 6767239, at *6 (E.D.N.Y. Nov. 21, 2017), report and recommendation adopted , 2018 WL 262837 (E.D.N.Y. Jan. 2, 2018).
"[A] court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Ditech Fin. LLC v. Singh , No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), report and recommendation adopted , 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." RGI Brands LLC , 2013 WL 1668206, at *6. "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." Lenard v. Design Studio , 889 F.Supp.2d 518, 527 (S.D.N.Y. 2012).
Here, Plaintiff proffers the affidavit of Daphne Proctor ("Proctor"), Plaintiff's "Document Execution Specialist." (Dkt. 18-7). Proctor avers to the accuracy of the unpaid principal balance, the accrued interest from January 1, 2016, to February 2, 2017, and the advances for insurance, taxes, property preservation, inspections, and valuation. (Id. at 2). Specifically, Proctor relied upon "computerized records" relating to the security instruments at issue, which are kept in the regular course of Plaintiff's business. (Id. at 1-2).
The original principal balance under the Note and the Mortgage was $289,389.00. (Dkt. 18-2 at 3; id. at 8). Pursuant to the terms of the Note, Plaintiff is entitled to "the full amount of Principal which has not been paid and all the interest that [Defendants] owe on that amount," as well as "all of its costs and expenses in enforcing th[e] Note to the extent not prohibited by applicable law." (Id. at 4). The Mortgage instrument provides language permitting similar recovery in the case of a default and foreclosure action. (See id. at 20-21).
Plaintiff cites to several cases for the proposition that Proctor's affidavit is enough to carry its burden on damages. (Dkt. 17 at 8); see, e.g. , Onewest Bank v. Serbones , No. 14-CV-7281 (RJD)(MDG), 2016 WL 1295197, at *4 (E.D.N.Y. Mar. 7, 2016) (finding that the outstanding principal *627 balance should be awarded because the affiant "attests to the accuracy of the amounts due on the Mortgage and Note based on [the] plaintiff's records"), report and recommendation adopted , 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016) ; Raghunath , 2015 WL 5772272, at *4 (same). However, several other decisions in this Circuit have "required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan." Happy Homes, LLC v. Jenerette-Snead , No. 15-CV-01788 (MKB)(RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) ; OneWest Bank, N.A. v. Hawkins , No. 14-CV-4656 (NGG), 2015 WL 5706945, at *8 (E.D.N.Y. Sept. 2, 2015) (finding the affidavit of the plaintiff's authorized signatory to be inadequate to establish the amount of unpaid principal), report and recommendation adopted , 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015) ; cf. E. Sav. Bank, FSB v. Whyte , No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *6 (E.D.N.Y. Feb. 24, 2015) (finding the claim for damages sufficient where the plaintiff submitted an affidavit that "includes the payment log and an accrued interest schedule, which details all interest that has accrued and interest that has been paid since the inception of the loan"); Wells Fargo Bank, N.A. v. Landi , No. 13-CV-5822 (RRM) (JO), 2015 WL 5655810, at *5 (E.D.N.Y. Aug. 14, 2015) (finding that "[t]he record, including the payment history of the loan , supports the request" for unpaid principal owed on the loan (emphasis added) ), report and recommendation adopted , 2015 WL 5657358 (E.D.N.Y. Sept. 22, 2015). Furthermore, without providing substantiation for the unpaid principal balance, the Court cannot accurately calculate the total interest owed. Hawkins , 2015 WL 5706945, at *8.
Many other cases have also denied awards for advances and other costs where the plaintiff failed to substantiate its request with proper documentary support. See Fernandez , 2017 WL 6767239, at *6 (finding that without "sufficient documentation-such as invoices, receipts, or other documentary proof-to substantiate its requests," and relying solely upon an affidavit and the statement of damages, the plaintiff failed to substantiate an award "for insurance, tax, property preservation, and inspection advances"); Onewest Bank N.A. v. Louis , No. 15-CV-00597 (PAC) (BCM), 2016 WL 3552143, at *9 (S.D.N.Y. June 22, 2016) (denying award for costs and advances where the plaintiff's affidavit did not provide "an adequate explanation" for its calculations and its entitlement to the figures requested), report and recommendation adopted , 2016 WL 4059214 (S.D.N.Y. July 28, 2016) ; PMB Tech. Servs., LLC v. Mazoureix , No. CV 14-4834 (ADS) (ARL), 2015 WL 5664813, at *4 (E.D.N.Y. June 22, 2015) (denying the plaintiff's request for advances on taxes and insurance because the plaintiff "failed to provide any invoices, receipts or documentary proof in support of its request" and relied solely on "an attorney declaration and an affidavit from [the p]laintff's Managing Director attesting that this is the correct amount"), report and recommendation adopted , 2015 WL 5664823 (E.D.N.Y. Sept. 23, 2015) ; Douyon v. NY Med. Health Care, P.C. , 49 F.Supp.3d 328, 352 (E.D.N.Y. 2014) (finding that where the plaintiff "failed to submit any invoices, receipts, or documentary proof" for various "itemized expenses[,] ... the Court ha[d] no way of confirming that these costs ... were incurred by counsel"), judgment entered , No. CV 10-3983 AKT, 2015 WL 5821499 (E.D.N.Y. Sept. 30, 2015) ; cf. CIT Bank, N.A. v. Ayers , No. 15-CV-7256 (JFB) (SIL), 2017 WL 3822083, at *3 (E.D.N.Y. July 18, 2017) (finding that the plaintiff "substantiated the escrow advances by providing copies of records detailing *628 the advances paid out"), report and recommendation adopted , 2017 WL 3726042 (E.D.N.Y. Aug. 24, 2017) ; W. Coast 2014-7, LLC v. Portillo-Pena , No. CV 15-6036 (DRH) (AKT), 2016 WL 4506749, at *11 (E.D.N.Y. Aug. 5, 2016) ("Here [the plaintiff] has submitted receipts for tax payments...."), report and recommendation adopted , 2016 WL 4507003 (E.D.N.Y. Aug. 26, 2016).
Although Plaintiff has provided invoices for service of process charges and for title search costs (Dkt. 18 at 3-5), and the Court can take judicial notice of the $400.00 filing fee, which is "readily verifiable" from the Court's docket, United States v. Simmons , No. 13-CV-00789(S)(M), 2015 WL 12591683, at *5 (W.D.N.Y. Jan. 16, 2015) ; see, e.g. , Cole , 2015 WL 4429014, at *7, no other "invoices, receipts, or other documentary support" are attached to this motion to satisfy Plaintiff's burden of demonstrating damages to a "reasonable certainty." See RGI Brands LLC , 2013 WL 1668206, at *6.
"In the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." OneWest Bank, N.A. v. Bianchini , No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016) (quotation marks omitted), report and recommendation adopted , 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016). However, since Plaintiff has failed to carry its burden to establish damages with reasonable certainty, the Court denies Plaintiff's request for a judgment of foreclosure and sale of the Property without prejudice. Id. at *2-3. Plaintiff is granted leave to file substantiating documentation to cure the deficiencies stated herein regarding damages within thirty (30) days of this Decision and Order.
Plaintiff has also requested the Court to appoint a referee to facilitate the sale of the Property. (Dkt. 17 at 2). "Courts in this Circuit have permitted such appointments where the plaintiff 'established a prima facie case by presenting a note, a mortgage, and proof of default.' " Dambra , 2015 WL 7422348, at *7 (quoting E. Sav. Bank, FSB v. Evancie , No. 13-CV-00878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. April 18, 2014) ); see, e.g. , Cole , 2015 WL 4429014, at *5. Accordingly, Plaintiff should include a list of three referees in its resubmission, "with a brief description of their qualifications and a proposed appointment order." Dambra , 2015 WL 7422348, at *7 n.4 ; see Raghunath , 2015 WL 5772272, at *7 (appointing a specific referee upon the demonstration of entitlement to foreclosure).
CONCLUSION
For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. 16) is granted, counsel's request for attorney's fees is denied, and the judgment of foreclosure and sale of the Property is denied without prejudice. Plaintiff is granted leave to file substantiating documentation to cure the deficiencies stated herein regarding damages. Plaintiff must also include in its resubmission, the names of three referees, with a brief description of their qualifications and a proposed appointment order.
SO ORDERED.